UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re PHILLIP O. EMIABATA,<br><br>            Appellant,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING, LLC, and AVAIL 1 LLC,<br><br>            Appellees. | CASE NO. C17-1752MJP<br><br>ORDER ON MOTION TO RECUSE |

On January 17, 2018, this Court entered an order denying Appellant's request to stay execution of judgment pending appeal. (Dkt. No. 11.) Appellant responded to that ruling by filing a motion which requests (among other things) that this Court recuse itself from presiding over this proceeding. (Dkt. No. 14.) The Court declines to recuse herself and refers this portion of Appellant's motion to the Chief Judge of the District pursuant to Local Rule 3(e).

The basis of Appellant's request appears to be his belief "this Court Erred in law and [is] not THOROUGH in this Case." (Id. at 2.)(emphasis in original). Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her

impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Appellant cites no other reason or evidence in support of his position than the recent ruling of this Court. If he believes that this Court's rulings are legally erroneous, he is entitled to ask the Ninth Circuit Court of Appeals to overturn those rulings on any legitimate grounds he can articulate. However, he is not entitled to recusal on that basis.

In a similar vein, Appellant contends that his *pro se* pleadings are not being construed with the liberality to which they are entitled. (Id. at 3.) The Court assures Appellant that it is doing its best to accommodate the fact that he is not a trained legal professional and to accord his

pleadings a less stringent standard than that to which it would hold a lawyer. However, that does not dispense with the requirement that Appellant produce evidence which satisfies the legal requirements for whatever ruling he is seeking from the Court. It was his failure to present any proof which satisfied the four-factor test for granting a stay on appeal (set out in Nken v. Holder, 556 U.S. 418, 426 (2009)) that resulted in the denial of his motion, and nothing else.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties. Bias is almost never established simply because the judge issued adverse rulings against a party.

In order to overcome this presumption, Appellant would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Appellant does not allege any facts outside the record that improperly influenced the decisions in this matter.

The Court declines Appellant's request that she recuse herself. Appellant's motion for recusal is referred to the Chief Judge of the District for decision pursuant to Local Rule 3(e) and the Clerk of the Court is directed to place the motion for the recusal of this Court on the Chief Judge's motions calendar.

This action and all motions currently pending before the Court are hereby STAYED pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motions filed while the matter is stayed will not be considered and will be subject to dismissal.

1 | The clerk is ordered to provide copies of this order to Appellant and to all counsel.

2 | Dated this 5th day of February, 2018.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge