# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In re PHILLIP O. EMIABATA,

    Plaintiff,

  v.

SPECIALIZED LOAN SERVICING, LLC and AVAIL 1 LLC,

    Defendants.

Case No. C17-1752 MJP

ORDER AFFIRMING JUDGE PECHMAN'S DENIAL OF MOTION TO RECUSE

THIS MATTER comes before the Court on Plaintiff's Motion for Recusal. Dkt. #14. On February 5, 2018, U.S. District Judge Marsha J. Pechman declined to recuse herself. Dkt. #17. In accordance with the Local Rules of this District, the matter was then referred to the Undersigned for review. LCR 3(e).

In this bankruptcy appeal, Plaintiff seeks the recusal of Judge Pechman on the basis that she denied his motion to stay the enforcement of judgment pending appeal, and he believes her order was in error and "not thorough." Dkt. #14 at 2. He further asserts that Judge Pechman failed to view his *pro se* pleadings under the liberal standard that should have been afforded to him. *Id.* at 3.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify him- or herself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice

ORDER - 1

concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

In the instant motion, Plaintiff fails to allege any facts or behavior by the Court demonstrating bias towards him. A review of the rulings in this matter reveals no Orders that in any way give rise to an inference of bias. Therefore, the Court finds no evidence upon which to reasonably question Judge Pechman's impartiality and AFFIRMS her denial of Plaintiff's request that he recuse herself.

//

//

//

ORDER - 2

The Clerk SHALL provide copies of this Order to Plaintiff, all counsel of record, and to Judge Pechman.

DATED this 16th day of February 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3