|     |     |     |
| --- | --- | --- |
| In re: PHILLIP O. EMIABATA, | | CASE NO. C17-1752 MJP |
| Appellant, | | ORDER ON MOTION TO VACATE DISMISSAL |
| v. | | |
| SPECIALIZED LOAN SERVICING, LLC, and AVAIL 1 LLC, | | |
| Appellees. | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

The Court has received and reviewed Appellant's Motion for Court to Vacate Its Order Dated April 17, 2018 Dismissing Appellant Appeal (Dkt. No. 26), Motion for Enlargement of Time (Dkt. No. 27), Motion "Pursuant to Rule 6 Computing Time for Motion Papers" (Dkt. No. 28), all attached declarations and exhibits, and relevant portions of the record, and rules as follows:

IT IS ORDERED that the motion to vacate the dismissal order is GRANTED; the previously-entered dismissal will be VACATED and Appellant will be given a further opportunity to respond to the Court's Order to Show Cause (Dkt. No. 22).

IT IS FURTHER ORDERED that Appellant has 21 days from the entry of this order to respond to the Order to Show Cause as to why his matter should not be dismissed for failure to pay the filing fee and failure to file a Statement of Issues.

On March 30, 2018, this Court entered an Order to Show Cause requiring Appellant to show cause why his matter should not be dismissed for failing to (1) pay a filing fee or (2) file a Statement of Issues. Appellant was ordered to show cause by April 13, 2018. Dkt. No. 22. When the Court did not receive any response from Appellant, an order of dismissal without prejudice was entered on April 17, 2018. Dkt. No. 23.

On May 8, 2018, the Court received the above-entitled motion from Appellant. In that motion, he outlined the following reasons why the dismissal of his appeal should be vacated:

1. He did not receive the Order to Show Cause (which was entered in the court docket on March 30, 2018), until April 12, 2018, only a day before the deadline for his response. (Appellant attached a copy of the envelope in which his copy of the Order to Show Cause arrived which reflects that the document was not mailed from Seattle until April 5, 2018; Dkt. No. 26 at 6.)

2. He responded to the late-received Order by sending a "motion for enlargement of time" by overnight mail on April 17, 2018, but that pleading was never docketed. (Appellant attached a copy of a Priority Mail Express receipt from the U.S. Post Office for a document addressed to the U.S. Courthouse, 700 Stewart Street, Seattle, Washington 98101; Id. at 8.)

3. At the time that the Court entered the dismissal, Appellant's appeal of a previous ruling by this Court in his case was still pending at the Ninth Circuit Court of Appeals. It

ORDER ON MOTION FOR STAY OF JUDGMENT - 2

appears that Appellant believes this fact divested this Court of jurisdiction to dismiss his case.

The Court will address Appellant's points in reverse order. Regarding his "appeal" to the Ninth Circuit, a brief procedural history is in order. On January 17, 2018, this Court denied Appellant's Motion for a Stay of Enforcement of Judgment, wherein Appellant sought to stay the effect of the judgment of the Bankruptcy Court from which he was appealing. (Dkt. Nos. 8, 11.) On January 29, 2018, Appellant simultaneously filed a Motion for Recusal of this Court (Dkt. No. 14)[1] and a Notice of Appeal to the Ninth Circuit. The Notice announced Appellant's intention to appeal the denial of his motion to stay enforcement of the judgment. (Dkt. No. 15.)

What Appellant was attempting was an "interlocutory appeal;" in other words, an appeal which is filed while the lower court case is still pending. Orders granting or denying stays of legal proceedings are not automatically appealable under 28 U.S.C. § 1291(a)(1). Outside of an automatic right to an interlocutory appeal, there are three ways to successfully file one. One of them does not require the permission of the lower court and is called a "collateral order appeal." In order to file a collateral order appeal, three conditions must be met. The order from which the appeal is taken must:

> (1) conclusively determine the disputed question,
> (2) resolve an important issue completely separate from the merits of the action, and
> (3) be effectively unreviewable on appeal from a final judgment.

Puerto Rico Aquaduct and Sewer Auth'y v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).

The other two methods of interlocutory appeal – under FRCP 54(b) and 28 U.S.C. § 1292(b) – require the permission of the lower court. Appellant did not seek leave of this Court to

---

[1] This Court declined to recuse itself (Dkt. No. 17) and that decision was affirmed by the Chief Judge of the District. (Dkt. No. 19.)

file his interlocutory appeal. Nor does his appeal meet the conditions for a successful "collateral order appeal," because the order from which he was trying to appeal did not "resolve an important issue completely separate from the merits of the action." In fact, in ruling on Appellant's request for a stay, this Court was required to rule on the likelihood that he would prevail on the merits of his District Court course. (Dkt. No. 11 at 2.)

It follows from this that Appellant had no right to appeal this Court's order in the manner that he did.[2] The Court finds, therefore, that there was no loss of jurisdiction during the attempted appeal,[3] and the Court was fully authorized to enter both the Order to Show Cause and the dismissal of Appellant's matter upon his failure to respond to that order. To rule otherwise would permit any party to automatically bring a civil action to a halt simply by filing an appeal of any unfavorable ruling, regardless of whether that appeal was proper and permissible or not.

Turning to Appellant's second point (the attempted filing of his "motion for enlargement of time"), the Court acknowledges his proof that he posted a document to the Court's address on April 17, 2018, but also notes that his evidence contains no proof that the document was received by the Clerk's Office at the U.S. Courthouse in Seattle. In any event, the motion was never received and never docketed and the Court was unaware (until the instant motion) that Appellant desired to respond to the Order to Show Cause but had not received timely notice of that order.

Regarding Appellant's first point: While the Court acknowledges that the letter notifying Appellant of the Order to Show Cause and the deadline to respond did not go out by mail until April 5, 2018, there is no explanation for why it was not received by him until April 12, 2018.

---

[2] It is noted that Appellant filed for voluntarily dismissal of the appeal on April 13, 2018; the appeal was dismissed on April 18, 2018. Dkt. No. 25.

[3] The Court further notes that it does not appear that Appellant thought this Court divested of jurisdiction by his appeal, as he filed Motions for "Correction of the Number of Appellees" and for "Full Disclosure of Corporate Ownership" (Dkt. Nos. 12 and 13) in District Court on the same date that he filed his Notice of Appeal.

Nevertheless, the Court accepts Appellant's representation regarding receipt of the notice, as well as his representation that he attempted to respond as soon as possible.

The Court finds, on that basis, good cause to VACATE the dismissal previously entered and reopen the matter to permit Appellant an opportunity to respond to the Order to Show Cause. Appellant is ordered to show cause why his matter should not be dismissed for failure to pay the filing fee and failure to file a Statement of Issues within 21 days following the entry of this order. As before, failure to respond will result in sanctions, up to and including dismissal of his matter.

The clerk is ordered to provide copies of this order to Appellant and to all counsel.

Dated: June _14_, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge