UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILIP O. EMIABATA,

              Appellant,

    v.

SPECIALIZED LOAN SERVING LLC, and AVAIL 1 LLC,

              Appellees.

CASE NO. C17-1752-MJP

ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS

This matter was dismissed without prejudice for appellant's failure to pay a filing fee or file a Statement of Issues on Appeal as directed by the Court. (Dkt. 35.) Appellant subsequently submitted a motion to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. (Dkt. 36.) The IFP motion was referred to the undersigned for consideration.

Having now considered appellant's second amended IFP application and attachments (Dkt. 46), the Court finds appellant does not appear to have funds available to afford the filing fee. Appellant therefore financially qualifies for IFP status pursuant to 28 U.S.C. § 1915(a)(1).[1]

---

[1] Appellant did not request consideration under 28 U.S.C. § 1930(f), a statutory provision devoted to fee waivers in bankruptcy matters. Section 1930(f)(1) allows for a waiver of filing fees for financially eligible Chapter 7 debtors, but is inapplicable to appellant's Chapter 13 bankruptcy case. Section 1930(f)(3) reflects that the fee waiver subsection does not restrict district or bankruptcy courts "from

ORDER
PAGE - 1

Considered solely on the basis of financial eligibility, appellant's second amended IFP application (Dkt. 46) should be granted. However, to the extent the Court considers reopening this dismissed matter, the undersigned recommends review under 28 U.S.C. § 1915(e)(2)(B).

DATED this 18th day of September, 2018.

Mary Alice Theiler
United States Magistrate Judge

---

waiving, in accordance with Judicial Conference policy, [bankruptcy fees] for other debtors and creditors." There is, however, an absence of Ninth Circuit authority supporting the proposition § 1930(f)(3) could or should provide for a waiver of the filing fee for appellant debtor's appeal. *See, e.g.*, *Ramono v. Stumpf*, No. C-11-3479, 2011 U.S. Dist. LEXIS 122796 at *2-3 & n.1 (N.D. Cal. Oct. 24, 2011) (applying § 1915(a) to a creditor's motion to appeal in bankruptcy proceeding; noting that, "unlike the Seventh Circuit, the Ninth Circuit has not held that § 1930(f)(3) should apply to creditor [IFP] motions, and there is at least a fair argument that the statute should not apply.") (citing *In re Richmond*, 247 Fed. Appx. 831, 832 (7th Cir. 2007) (finding, under § 1930(f)(3), "the bankruptcy and district courts clearly have the authority to allow creditors to proceed [IFP]"); and *Allen v. Stewart (In re Allen)*, Nos. 07-20389, 08-07014, 2009 Bankr. LEXIS 2122 at *9 (Bankr. D. Idaho Apr. 28, 2009) (observing that "subsection (f)(3)'s language does not itself provide the ability or authority to waive fees, nor does it explicitly reference where such authority or ability is provided."))

ORDER
PAGE - 2