UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re PHILLIP O. EMIABATA,<br><br>     Appellant,<br><br>  v.<br><br>SPECIALIZED LOAN SERVICING, LLC, and AVAIL 1 LLC,<br><br>     Appellees. | CASE NO. C17-1752MJP<br><br>ORDER OF DISMISSAL |

  Appellant has had a bankruptcy appeal action pending before this Court since November 2017. The Court will not retrace the winding path that this litigation has taken since its filing. There have been a series of starts and stops, with missteps from both the Court and the Appellant. However, with Appellant's filing of his Statement of Issues on Appeal (Dkt. No. 52) and the creation of a briefing schedule (Dkt. No. 55), the matter appeared to be back on course and headed to resolution. When the Court granted Appellant's Motion for Extension of Time to file his opening brief (Dkt. No. 58) on January 9, 2019, that order made clear that there would be no further continuances of this matter.

On January 28, 2019, Appellant filed "Appellant Motion to Show Cause" (Dkt. No. 59), a pleading which claimed that Appellant believed his matter was still stayed, based on a recusal order which had been resolved in February of 2018. The Court rejected Appellant's claim, as well as his request for a further continuance of 21 days "to correct the deficiencies," and reminded Appellant that the opening brief of his appeal was still due on February 7, 2019. (Dkt. No. 60.) The order was mailed to Appellant by certified mail, return receipt requested, and the Court received proof that the order had been delivered to Appellant's address on February 1, 2019. (Dkt. No. 61.)

Further proof that Appellant had received the Court's order came on February 6, 2017, in the form of two new motions by Appellant. The first was entitled "Appellant Motion Asking the Court to Correct Its Order on 'Appellant Motion to Show Cause'" (Dkt. No. 62); essentially, a motion for reconsideration of the Court's previous order. In it, Appellant claimed that "there is [] no Appellant Motion to Show Cause on the above case number 17-cv-01752-MJP with the Court." (Id. at 2.) The Appellant further objected to the Court's characterization of his earlier filing of an appeal with the Ninth Circuit as "improper." (Id. at 3.) Appellant concludes by requesting "for the sake of Justice move this action to another District [Olympia] Washington State," and for a 14 day extension of time to file the opening brief in his appeal. (Id. at 4.)

Appellant's motion for reconsideration is DENIED. Appellant most certainly did file an Appellant Motion to Show Cause (attached to this order as "Exhibit A"). The Court has previously explained to Appellant why his "interlocutory appeal" to the Ninth Circuit was improper (*see* Dkt. No. 32 at 3-4) and will not repeat that analysis here; as the appeal has been dismissed (*see* Dkt. No. 25), it is moot in any event. This Court is furthermore without jurisdiction to transfer Appellant's matter (a bankruptcy appeal governed exclusively by federal law) to a state court; Appellant's previous motion for this Court to recuse itself has already been denied, and that denial affirmed by the Chief Judge of this District. (*See* Dkt. Nos. 17, 19.)

Local Rule 7(h) requires a party moving for reconsideration to either demonstrate "manifest error" in the Court's ruling or provide new facts or law relevant to the Court's decision which could not have previously been produced. Appellant has done neither; his motion is without merit.

The second motion filed by Appellant on February 6 was "Plaintiff Second Motion for Enlargement of Time to File Appellant Opening Brief." (Dkt. No. 63.) Appellant cites as "good cause" for his request the time he has been forced to expend addressing the Court's "errors." (Id. at 2.) Again, Appellant's motion is without merit. In the first place, he was clearly informed in the Court's prior order granting his first request for an extension of time to file his opening brief "that there will be no further continuances granted in this matter." (Dkt. No. 58 at 1.) In the second place, the "errors" which he alleges the Court to have made were simply responses to Appellant's pleadings which the Court was required to rule upon; Appellant will not be heard to claim "good cause" for a continuance based on the Court being forced to respond to a series of confusing procedural gambits interposed by Appellant in his action. The motion for a further extension of time to file his opening brief is DENIED.

Which brings us to the current status of the case. February 7, 2019 – the final deadline Appellant was given to file his opening appellate brief – has come and gone without an opening brief having been filed. Appellant having been given ample opportunity to plead his substantive case and having failed to adhere to the timelines set out by the Court, the Court is left with no alternative but to DISMISS the matter for failure to prosecute.

The clerk is ordered to provide copies of this order to Appellant and to all counsel. The Clerk's Office is directed to mail a copy of this Order by certified mail (return receipt requested) to Appellant.

Dated this 21st day of February, 2019.

Marsha J. Pechman
United States Senior District Judge

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

PHILIP O. EMIABATA, AKA PHIL  *

EMIA, DBA NOVA EXPRESS    * NO. 18-35081

    APPELLANT,    * D.C. NO. 2: 17-CV-01752-MJP

V,    * WESTERN DISTRICT OF WASHINGTON

    * AT SEATTLE.

SPECIALIZED LOAN SERVICING AND *

AVAIL I.LLC.    *

    APPELLEES    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## APPELLANT MOTION TO SHOW CAUSE.

Appellant motion to show cause, Appellant hereby file its motion to show cause Pursuant to Fed. R. Civ. P. Rule 6 Computing time for motion papers as in here.

  Appellant Philip Emiabata respectfully submitted pursuant to Fed. R. Civ. P. Rule 6, its Declaration in support to its response to the Court Order Document 32 filed on April 14, 2018 page (1) at 21 to 24 "IT IS ORDERED that the motion to vacate the dismissal order is

1

GRANTED; the previously-entered dismissal will be VACATED, and Appellant will be given a further opportunity to respond to the Court's Order to Show Cause (Dkt. No.22)." With Good Cause, Appellant show below the reasons for its Delay, cause by the court.

1. I as Appellant Pro Se, have been waiting for the Court Order Lifting Stay which, till-date Appellant have not received Order Lifting Stay from this Court. Hence as see. Appellant was waiting for the Order LIFTING STAY.

2. On about Oct. 20, 2017. Appellant here mail his notice of Appeal and its Statement of election, to U.S. Bankruptcy Court for Western District of Washington at Seattle, showing with its evidence in the above mention Bankruptcy Court at Seattle that appellant Elect his case to be Consolidate with its case already pending in the Fed. District Court at Seattle Washington civil action number 17-1302JLR.

3. Wrongly, this said Bankruptcy Court move or Transmitted this case to U. S. Bankruptcy Appellate Panel for the Ninth Circuit. (BAP) Evidence in the BAP and this Bankruptcy court showed that Appellant intended to Elect, this District Court and want its case to be consolidate with case # 17-cv-1302JLR. Appellant with motion filed in BAP. On about Nov. 2, 2017 BAP move this action to Fed. District Court case # 17-cv-01752-MJP.

4. If Appellant, case was Consolidated, hence what filing fee Appellant doesn't pay, that make Appellant to be in Deficiencies according to this court Order Show Cause. Appellant by this Declaration and its attached herein, incorporated with reference its Motion to show cause. Appellant ask this Court to Please Advice.

2

GRANTED; the previously-entered dismissal will be VACATED, and Appellant will be given a further opportunity to respond to the Court's Order to Show Cause (Dkt. No.22)." With Good Cause, Appellant show below the reasons for its Delay, cause by the court.

1. I as Appellant Pro Se, have been waiting for the Court Order Lifting Stay which, till-date Appellant have not received Order Lifting Stay from this Court. Hence as see. Appellant was waiting for the Order LIFTING STAY.

2. On about Oct. 20, 2017. Appellant here mail his notice of Appeal and its Statement of election, to U.S. Bankruptcy Court for Western District of Washington at Seattle, showing with its evidence in the above mention Bankruptcy Court at Seattle that appellant Elect his case to be Consolidate with its case already pending in the Fed. District Court at Seattle Washington civil action number 17-1302JLR.

3. Wrongly, this said Bankruptcy Court move or Transmitted this case to U. S. Bankruptcy Appellate Panel for the Ninth Circuit. (BAP) Evidence in the BAP and this Bankruptcy court showed that Appellant intended to Elect, this District Court and want its case to be consolidate with case # 17-cv-1302JLR. Appellant with motion filed in BAP. On about Nov. 2, 2017 BAP move this action to Fed. District Court case # 17-cv-01752-MJP.

4. If Appellant, case was Consolidated, hence what filing fee Appellant doesn't pay, that make Appellant to be in Deficiencies according to this court Order Show Cause. Appellant by this Declaration and its attached herein, incorporated with reference its Motion to show cause. Appellant ask this Court to Please Advice.

2

5. The second time, again Appellant only Appeal this Court Decision, Denying Stay to the NINTH CIRCUIT, which is Interlocutory Appeal (Pro Se Appellant only intend to Appeal the Denying Stay Pending Appeal). But as see in Record with the NINTH CIRCUIT. Appellant Complete case was Bizarre and Erroneously Transmit to the NINTH CIRCUIT supra.

6. Also see Appellant Ninth Circuit; TIME SCHEDULE ORDER SHOWED. MON. April 30, 2018 for Answering Brief et al. this court should please again Advice, how can Appellant Simultaneously Appealing the same case, Coterminous, Civil Action number 18-35081 DC No. 2:17-cv-01752-MJP Both the same time notwithstanding that Pro Se Litigant don't intend to APPEAL its complete case that was wrongly Appealed.

7. Also see Appellant Motion to Dismiss VOLUNTARILY FILED with the Ninth Circuit. This Appellant Wrongly Appeal or Transmitted to the NINTH CIRCUIT.

8. Very Important here, see this Court Order Dated 5th day of February 2018 Document 17 filed on February 5, 2018 at page (3) 17 to 19, "This action and all motions currently pending before the court are hereby STAYED pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is Lifted". Appellant Pro Se who is not electronic Filing Appellant don't receive any ORDER FROM THIS COURT LIFTING THE STAY.

9. The Delay here is cause by this Court, through its Clerk (clerk of the court office) a) The Court Wrongly Appealing Appellant Complete case to the NINTH CIRCUIT. And   b) Till-date Appellant haven't received Order Lifting Stay from the court

3

10. Appellant is hereby incorporated with reference, its Declaration attached to this motion to show cause. And asking the court for extension of time 21days for Appellant to correct the deficiencies that is showed in the court order to show cause, a) to file a statement of Issues and b) filing fees supra

WHEREFORE, Appellant ask the court to grant this motion that Appellant have showed a good cause for its Delay as seen in the above stated reasons Supra.

Dated; June 28, 2018

Respectfully, Submitted

*/s/ Philip Emiabata*

PHILIP EMIABATA.

## CERTIFICATE OF SERVICE

I hereby certify that this documents Filed through Court overnight mail. Will be Electronically send to registered participants as found on the Notice of Electronic Filing (NEF) and paper Copies will be sent to those showed as non-registered participants on record.

Dated June 28, 2018

*/s/ Philip Emiabata*

PHILIP EMIABATA

4

